UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LOUIS E. HARRIS, JR.,

        Plaintiff,

v.                                                   Case No. 3:22-cv-00141-BJD-JBT

LT. MITCHELL MASON and
BRIAN STARLING,

        Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Louis E. Harris, Jr., an inmate of the Florida penal system, initiated this action by filing a document titled, "Request for Emergency T.R.O. and Notice to the Court" (Doc. 1; Notice). In the Notice, Plaintiff says two officers at Florida State Prison "brutally beat[] and almost killed" him on January 12, 2022. Notice at 1. Plaintiff complains of migraines, nose bleeds, and nose pain but says medical staff has done nothing. Id. Plaintiff believes his "life is in imminent danger," and he requests that he be "removed from this dangerous situation."[1] Id. at 2.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the

---

[1] In light of Plaintiff's allegations, the Clerk of Court sent to prison officials a copy of Plaintiff's Notice and the Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm.

movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). With respect to the second prerequisite, "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176.

Plaintiff fails to carry his burden demonstrating injunctive relief is warranted. First, he has not complied with this Court's Local Rules, which require that a motion for injunctive relief be supported by a "precise and verified description of the conduct and the persons subject to restraint" and include a supporting memorandum of law. See M.D. Fla. R. 6.01(a), 6.02(a)(1).

Second, Plaintiff complains of past harm. He does not assert or provide any evidence that would suggest he faces an imminent threat of future harm. Plaintiff's self-serving assertion that he fears his life is in danger, unaccompanied by supporting evidence, does not justify entry of injunctive

2

relief, which "is an 'extraordinary and drastic remedy.'" See Wreal, 840 F.3d at 1247.

Finally, even if Plaintiff had submitted a proper motion or a verified complaint, the sole relief he seeks concerns a matter of prison administration (his place of confinement), an area into which courts generally will not interfere absent compelling evidence of a constitutional violation. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). See also McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another.").

Not only is Plaintiff's filing insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a civil rights complaint. The Court has approved the use of a civil rights complaint form for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff

requests. If Plaintiff chooses to file a civil rights complaint, he may do so on the proper form.

For the foregoing reasons, this case will be dismissed without prejudice to Plaintiff's right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement.

Accordingly, it is

**ORDERED:**

1. Plaintiff's request for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of February 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6 2/11
c:  Louis E. Harris, Jr.